## HART *v.* LUDWIG.

1. TORTS—NEGLIGENCE IN PERFORMING CONTRACT—NONPERFORMANCE.
   If a party undertake to perform work, and proceed on the employment, he may make himself liable in tort for any misfeasance in the course of that work, but if he undertake, and do not proceed on the work, no tort action will lie against him for the nonfeasance.

2. SAME—BREACH OF CONTRACT.
   A tort action will lie for breach of a contract if the relation existing because of the contract between the parties would give rise to a legal duty without enforcing the contract promise itself, otherwise no tort action would lie for breach of the contract.

3. SAME—NONCOMPLETION OF CONTRACT TO CARE FOR ORCHARD.
   Defendant's failure to complete his contract to care for an orchard by stopping work shortly after the beginning of the season did not give rise to an action in tort, since it was merely the breach of a duty arising out of the intentions of the parties themselves and was owed only to those specific individuals to whom the promise runs.

Appeal from St. Clair; Black (Eugene F.), J. Submitted October 4, 1956. (Docket No. 40, Calendar No. 46,965.) Decided December 28, 1956.

Case by Hazen H. Hart and Lorene C. Hart against Frederick Ludwig for damages arising from his failure to fulfill contract to care for orchard. Declaration sounding in tort dismissed on motion. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 52 Am Jur, Torts §§ 26–28.

*William K. Kreston,* for plaintiffs.

*Schlee, McIntosh & Simpson,* for defendant.

SMITH, J. Here a contracting party "refused and neglected" further to abide by an agreement. The other parties sued him, not for breach of contract, but in tort. Upon motion ("plaintiff's declaration does not state a valid cause of action because it alleges an action in tort for the nonperformance of a contract") the trial court dismissed, with prejudice. His action is before us on a general appeal.

The contract was verbal. It related to the care and maintenance of an orchard owned by plaintiffs (who will hereafter be referred to in the singular). Defendant worked the orchard during the spring of 1952, but shortly after beginning work for the 1953 season he refused to go on. Why, we are not told. But his omissions are set forth in detail. He thereafter failed to remove the shoots, to prune, to fertilize, or to protect it against destructive animal life. These omissions, says plaintiff, "were contrary to the common law" and constituted negligence. Plaintiff, it is pleaded, was in nowise contributorily negligent.

Thus we have, clearly, an action in tort, arising out of breach of contract. Can it be maintained?

The question is not without difficulty. It carries much of history, much of the forms of action, case and covenant, debt and detinue. Thus the clumsy or unfortunate barber or blacksmith must answer on the case at an early day. (Y.B. 46 Edw III, 19, pl 19 [1373].) He had been guilty of deceit. He had represented that he was skilled in his calling and plaintiff's injuries attested that he was not. As the embryonic contract law grew, however, as the idea of consideration developed, the defendant's "assumpsit" became the gist of the action. 3 Street,

Foundations of Legal Liability (1906), p 173. Ample precedents in tort, however, remained, and with them much confusion as to the "proper" form of action. As Prosser puts it, in his Thomas M. Cooley Lectures (Prosser, Selected Topics on the Law of Torts [1953], ch 7, Borderland of Tort and Contract, pp 384–386) :

"For our purposes, the important fact is that it still remained possible, notwithstanding the existence of the new remedy, to maintain the old tort action on the case in any contract situation in which it had been recognized. Litigants were quite slow to adopt the practice of pleading in assumpsit where the older action would still lie. It was not until 1689 that it was first intimated that a carrier might be liable in contract. It was not until 1778 that assumpsit was held to lie for a seller's breach of warranty; and even then it appears to have been resorted to only for the procedural advantage of joining money counts to recover the price paid. The old tort remedy for breach of the undertaking involved in a warranty, without proof of an scienter or deceit, survives in a healthy condition even to the present day; and there are a great many American cases in which it has been successfully maintained.

"Once it was clear that assumpsit would lie for any breach of contract, but that in certain situations there might still be a remedy in tort, the English courts began to be beset with problems."

A dichotomy eventually emerged, however, generalized, and with notable exceptions, but roughly workable. The "time-honored formula," holds Mr. Justice Cardozo, "often phrases the distinction as one between misfeasance and nonfeasance." *H.R. Moch Co., Inc.,* v. *Rensselaer Water Co.,* 247 NY 160, 167 (159 NE 896, 62 ALR 1199). Thus in *Elsee* v. *Gatward* (1793), 5 Durnford & East's 143, 150, (101 Eng Rep 82, 86) the court held:

"The distinction is this: If a party undertake to perform work, and proceed on the employment, he makes himself liable for any misfeasance in the course of that work; but if he undertake, and do not proceed on the work, no [tort] action will lie against him for the nonfeasance."

The distinction thus enunciated was considered in detail by this Court, and employed, in *Chase* v. *Clinton County,* 241 Mich 478. In this case plaintiff's performance of his contract obligation to the county had been delayed, he asserted, because of the county's nonfeasance, its failure to act promptly in securing prompt dismissal of a pending chancery suit. In his action, sounding in tort, the trial court (p 482), "being of opinion no actionable tort negligence was shown, rendered a judgment for defendants." In affirming we held, in part (pp 486, 487):

" 'A distinction is made, however, in case of nonfeasance in performance of a contract, it being held that an action sounding in tort cannot be founded thereon.'

"This so-called 'important distinction' is reviewed with citation in 12 LRA NS 929 (annotations). Amongst other authorities cited is *Tuttle* v. *Gilbert Manfg. Co.,* 145 Mass 169 (13 NE 465), which squarely states the distinction and clearly explains the reason for it. The most that plaintiff appears to claim is negligent nonfeasance of the board in failure to more fully observe an implied contractual obligation to more promptly secure dismissal of the court's restraining order against it, and, as we view it, his proofs fail to sustain the burden of proof even to that extent."

In the *Tuttle Case,* referred to above, the plaintiff was a lessee of farm buildings which the defendant lessor had agreed to repair. Plaintiff was injured when the floor of the barn collapsed and sued in tort for the alleged negligence of the defendant. In

refusing to allow recovery the court said (pp 174, 175):

"But if we assume that the contract was to make the repairs within a reasonable time, and that the jury would be justified in finding that the defendant had not performed it within a reasonable time, the question is whether, for such a breach, the plaintiff can maintain an action of tort to recover for personal injuries sustained by reason of the defective condition of the stable floor.

"The cases are numerous and confusing as to the dividing line between actions of contract and of tort, and there are many cases where a man may have his election to bring either action. Where the cause of action arises merely from a breach of promise, the action is in contract.

"The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note, or any other promise to pay money, would sustain an action in tort for negligence, and thus the promissor be made liable for all the consequential damages arising from such failure.

"As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract. In the case at bar, the utmost shown against the defendant is that there was unreasonable delay on its part in performing an executory contract. As we have seen, it is not liable by reason of the relation of lessor and lessee, but its liability, if any, must rest solely upon a breach of this contract.

"We do not see how the cases would differ in principle if an action were brought against a third person who had contracted to repair the stable floor and had unreasonably delayed in performing his contract. We are not aware of any authority for maintaining such an action. If the defendant had performed the work contemplated by its contract unskilfully and negligently, it would be liable to an

action of tort, because in such case there would be a misfeasance, which is a sufficient foundation for an action of tort." *Tuttle* v. *Gilbert Manfg. Co.,* 145 Mass 169, 174, 175 (13 NE 465).

Other relevant discussions of this problem are found in *Atlantic and Pacific R. Co.* v. *Laird,* 164 US 393 (17 S Ct 120, 41 L ed 485); *Mobile Life Insurance Co.* v. *Randall,* 74 Ala 170; *Flint & Walling Manfg. Co.* v. *Beckett,* 167 Ind 491 (79 NE 503, 12 LRA NS 924).

The authorities cited by appellant do not dispute the distinction thus made. Thus we are cited to 38 Am Jur, Negligence, § 17, p 659, reading as follows:

"The law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies."

The principle stated is correct. But it has reference to cases in which the defendant, having assumed to act, does so negligently. The basis of liability in such cases is the failure of the defendant to exercise care and skill in the performance itself. *Gregor* v. *Cady,* 82 Me 131 (19 A 108, 17 Am St Rep 466) (negligence in making repairs); *Nolton* v. *Western R. Corp.,* 15 NY 444 (69 Am Dec 623) (breach of duty of common carrier to carry safely); *Coggs* v. *Bernard* (1703), 2 Ld Raym 909 (92 Eng Rep 107) (negligent transportation of casks of brandy).

The division thus made, between misfeasance, which may support an action either in tort or on the contract, and the nonfeasance of a contractual obligation, giving rise only to an action on the contract, is admittedly difficult to make in borderland cases. There are, it is recognized, cases in which an incident of nonfeasance occurs in the course of an undertak-

ing assumed. Thus a surgeon fails to sterilize his instruments, an engineer fails to shut off steam, *Kelly* v. *Metropolitan R. Co.,* [1895] 1 QB 944 (72 LT 551), a builder fails to fill a ditch in a public way, *Ellis* v. *McNaughton,* 76 Mich 237 (15 Am St Rep 308). These are all, it is true, failures to act, each disastrous detail, in itself, a "mere" nonfeasance. But the significant similarity relates not to the slippery distinction between action and nonaction but to the fundamental concept of "duty"; in each a situation of peril has been created, with respect to which a tort action would lie without having recourse to the contract itself. Machinery has been set in motion and life or property is endangered. It avails not that the operator pleads that he simply failed to sound the whistle as he approached the crossing. The hand that would spare cannot be stayed with impunity on the theory that mere nonfeasance is involved. In such cases in the words of the *Tuttle Case, supra,* we have a "breach of duty distinct from contract." Or, as Prosser puts it (Handbook of the Law of Torts [1st ed], § 33, p 205) "if a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not."

Before us, however, we have not such a case. We have simply the violation of a promise to perform the agreement. The only duty, other than that voluntarily assumed in the contract to which the defendant was subject, was his duty to perform his promise in a careful and skillful manner without risk of harm to others, the violation of which is not alleged. What we are left with is defendant's failure to complete his contracted-for performance. This is not a duty imposed by the law upon all, the violation of which gives rise to a tort action, but a duty arising out of the intentions of the parties themselves

and owed only to those specific individuals to whom the promise runs.  A tort action will not lie.

Affirmed.    Costs to appellee.

DETHMERS, C. J., and SHARPE, EDWARDS, KELLY, and CARR, JJ., concurred.

BLACK, J., did not sit.

BOYLES, J., took no part in the decision of this case.