## NELSON v NORTHWESTERN SAVINGS AND LOAN ASSOCIATION

Docket No. 79018. Submitted June 10, 1985, at Grand Rapids.—Decided October 21, 1985.

A mortgage agreement between Theodore D. and Tena M. Nelson and Northwestern Savings and Loan Association provided that Northwestern would pay from escrow the fire insurance premiums on the Nelsons' home as the premiums came due. Northwestern failed to make an annual premium payment and, approximately one week after that payment was due, received a notice of cancellation of the insurance policy for nonpayment of the premium. The Nelsons' home was subsequently destroyed by fire. The Nelsons, having no insurance to cover the loss, filed suit against Northwestern in Wexford Circuit Court claiming that Northwestern was responsible for the loss suffered by plaintiffs by failing to pay the premium when due. The court, William R. Peterson, J., granted plaintiffs' motion for summary judgment on their claim for breach of contract and awarded damages of $51,493.84 to plaintiffs. Defendant appealed, contending that the trial court erred in refusing to admit evidence of plaintiffs' comparative negligence on the issue of damages. *Held:*

This is a breach of contract case, not an action in tort. Therefore, the defense of comparative negligence is not available to defendant. The trial court properly excluded evidence of plaintiffs' negligence in determining plaintiffs' damages.

Affirmed.

1. TORTS — CONTRACTS — MISFEASANCE — NONFEASANCE.

If a party undertakes to perform work and proceeds on the employment, he may make himself liable in tort for any misfeasance in the course of that work, but if he undertakes to perform work and does not proceed on it, no tort action will lie against him for the nonfeasance.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Contracts §§ 441, 521.

Am Jur 2d, Torts §§ 23-25.

Liability of insurance broker or agent to insured for failure to procure insurance. 64 ALR3d 398.

2. Torts — Contracts — Breach of Contract.

A tort action will lie for breach of contract if the relation existing because of the contract between the parties would give rise to a legal duty without enforcing the contract promise itself, otherwise no tort action will lie for breach of the contract.

3. Torts — Contracts — Breach of Contract.

An action sounding in tort cannot be founded upon nonfeasance in performance of a contract; for an action in tort to exist in what would otherwise be strictly a breach of contract action, there must be a breach of a duty separate and distinct from the duties imposed by the contract.

*Samardich, Benson, McCurdy & Wotila, P.C.* (by *Dennis H. Benson*), for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendant.

Before: Gribbs, P.J., and Cynar and P. J. Duggan,* JJ.

P. J. Duggan, J. Defendant, Northwestern Savings and Loan Association (hereafter defendant) appeals as of right from a June 4, 1984, judgment in plaintiffs' favor for the sum of $51,493.84.

The mortage agreement between defendant and plaintiffs provided that defendant would pay from escrow the fire insurance premiums on plaintiffs' home as the premiums came due. Defendant failed to make the premium payment due on or before December 28, 1980, covering the period December 28, 1980, to December 28, 1981. It is undisputed that on January 5, 1981, defendant received a notice of cancellation of the insurance policy for nonpayment of the premium. On December 27, 1981, plaintiffs' home was destroyed by fire.

Plaintiffs brought suit against defendant claiming that defendant was responsible for the loss

---

* Circuit judge, sitting on the Court of Appeals by assignment.

suffered by plaintiffs by failing to pay the premium when due.

The trial court granted plaintiffs' motion for summary judgment on their claim for breach of contract. A hearing was held on the issue of damages and the judgment in the amount of $51,493.84 was entered.

Subsequent to the granting of summary judgment, but prior to the hearing on damages, defendant asserted that the court should consider evidence of plaintiffs' comparative negligence in failing to notify defendant that the premium was due. Defendant contends that plaintiffs' complaint alleges that defendant is chargeable with "negligence, neglect and/or failure to perform the obligations agreed upon between the defendant and plaintiffs" and that such obligations set forth a cause of action in negligence, subject to the defense of comparative negligence. Therefore, defendant contends, the trial court erred in refusing to admit evidence of plaintiffs' comparative negligence on the issue of damages.

In *Hart v Ludwig,* 347 Mich 559, 560; 79 NW2d 895 (1956), the Court considered the dismissal, for failure to state a cause of action, of an action in tort alleging that a contracting party " 'refused and neglected' further to abide by an agreement". 347 Mich 560. Using the language from a 1793 English case, the Court distinguished between breach of contract actions and negligence actions arising out of a breach of contract: " 'The distinction is this: If a party undertake to perform work, and proceed on the employment, he makes himself liable for any misfeasance in the course of that work; but if he undertake and do not proceed on the work, no [tort] action will lie against him for the nonfeasance.' " 347 Mich 562, quoting *Elsee v Gatward,* 5 Durnford & East's 143, 150; 101 Eng

Rep 82, 86 (1793). The *Hart* Court continued as follows (quoting from *Tuttle v Gilbert Mfg Co,* 145 Mass 169, 174-175; 13 NE 465 [1887]):

" 'The cases are numberous and confusing as to the dividing line between actions of contract and of tort, and there are many cases where a man may have his election to bring either action. Where the cause of action arises merely from a breach of promise, the action is in contract.

" 'The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note, or any other promise to pay money, would sustain an action in tort for negligence, and thus the promissor be made liable for all the consequential damages arising from such failure.

" 'As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract. In the case at bar, the utmost shown against the defendant is that there was unreasonable delay on its part in performing an executory contract. As we have seen, it is not liable by reason of the relation of lessor and lessee, but its liability, if any, must rest solely upon a breach of this contract.' " *Hart, supra,* p 563.

The Supreme Court in *Hart* indicated the distinction that must exist between a claim for breach of contract and a claim for negligence as follows: "Or as Prosser puts it (Handbook of the Law of Torts [1st ed], § 33, p 205) 'if a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not.' " *Hart, supra,* p 565. See also *Valentine v General American Credit, Inc.* 420 Mich 256, 259; 362 NW2d 628 (1984); Prosser & Keeton, Torts (5th ed), § 92, pp 655-656.

Defendant acknowledges that plaintiffs' claim

alleges that defendant failed and neglected "to perform the obligations agreed upon between the defendant and plaintiffs". The mere use of the words "neglect" or "negligence" in conjunction with this type of claim does not transform a breach of contract claim into a negligence claim. The only duty which plaintiffs alleged was breached was defendant's duty to pay the insurance premium in accordance with the mortgage agreement. As stated in *Chase v Clinton County,* 241 Mich 478, 486; 217 NW 565 (1928), " 'A distinction is made, however, in the case of nonfeasance in performance of a contract, it being held that an action sounding in tort cannot be founded thereon' " quoting 26 RCL, p 758. See also, *Hengartner v Chet Swanson Sales, Inc,* 132 Mich App 751; 348 NW2d 15 (1984).

For an action in tort to exist here, there must be a breach of a duty separate and distinct from the duties imposed by the contract. No such breach of duty independent from the contract is alleged in the instant case. While it is true in Michigan that every contractual undertaking is accompanied by a common law duty to use ordinary care in the performance of the task undertaken, a tort action will lie only if a relation exists which would give rise to a legal duty without enforcing the contract promise itself. *Hart, supra.* In the instant case, no legal duty exists which could not be fulfilled by enforcement of the contract itself.

Since we have determined that the instant case is a breach of contract case, the defense of comparative negligence is not available to defendant. The trial court therefore properly excluded evidence of plaintiffs' negligence in determining plaintiffs' damages.

Affirmed.