COURTRIGHT v DESIGN IRRIGATION, INC

Docket No. 161658. Submitted March 22, 1995, at Lansing. Decided May 12, 1995, at 9:30 A.M.

Cheryl and Gerald Courtright brought an action in the Ingham Circuit Court against Design Irrigation, Inc., Manhatten Condominium Association, Inc., and P.M. One, Limited, seeking damages related to injury sustained by Cheryl Courtright when she slipped and broke an ankle while wading through a flooded area created by an irrigation system that had frozen and burst near the plaintiffs' condominium. The condominium was owned by Manhatten and was managed by P.M. One. Design Irrigation was responsible for draining and winterizing the irrigation system pursuant to a contract with P.M. One. At the time of Cheryl Courtright's accident, Design Irrigation had started but not finished draining the irrigation system. The court, Lawrence M. Glazer, J., granted summary disposition for Design Irrigation. The plaintiffs appealed.

The Court of Appeals *held:*

A party performing a contract owes a separate, general duty to perform with due care so as not to injure another. The duty to act with due care encompasses the duty to prevent injury from a peril created during performance. Breach of this duty may give rise to tort liability for misfeasance. In contrast, failure to perform a contract altogether constitutes nonfeasance and gives rise only to liability for breach of contract.

In this case, the trial court erred in concluding as a matter of law that, under the circumstances of this case, the plaintiffs could not establish a case of misfeasance.

Reversed.

1. NEGLIGENCE — CONTRACTS.

A party performing a contract owes a duty to perform with due care so as not to injure another; the duty to act with due care encompasses the duty to prevent injury from a peril created during performance; breach of this duty may give rise to tort liability for misfeasance.

REFERENCES

Am Jur 2d, Negligence §§ 119-129.

See ALR Index under Contracts; Negligence; Privity.

2. NEGLIGENCE — CONTRACTS.

> A person who undertakes, gratuitously or for consideration, to render services to another that the person should recognize as necessary for the protection of a third person or that person's property is subject to liability to the third person for physical harm resulting from the failure to exercise reasonable care to protect the undertaking if the person's failure to exercise reasonable care increases the risk of such harm, the person has undertaken to perform a duty owed by the other to the third person, or the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Reeves & Jones, P.C.* (by *Timothy D. Reeves* and *Donald L. Jones*), for Cheryl and Gerald Courtright.

*Foster, Swift, Collins & Smith, P.C.* (by *William R. Schulz*), for Design Irrigation, Inc.

Before: MURPHY, P.J., and MICHAEL J. KELLY and SAAD, JJ.

MICHAEL J. KELLY, J. Plaintiffs appeal as of right an order of the circuit court granting defendant Design Irrigation, Inc., summary disposition under MCR 2.116(C)(10). We reverse.

On December 14, 1990, plaintiff Cheryl Courtright[1] slipped and broke her ankle while attempting to shut off a broken valve of a sprinkler system near her condominium. Defendant Manhatten Condominium Association, Inc., owned the condominium complex in which plaintiffs resided, and defendant P.M. One, Ltd., managed the complex. Defendant Design Irrigation, Inc., was under contract with P.M. One to drain and winterize the sprinkler system.

At the time of the plaintiff's accident, Design Irrigation had begun the drainage job but had not

---

[1] Throughout this opinion, the term "plaintiff" in the singular will be used to refer to plaintiff Cheryl Courtright.

finished it, leaving some water in the pipes. Freezing temperatures caused some of the pipes to burst, resulting in a small flood. Plaintiff slipped and fell while wading through the water on her way to reach the shut-off valve. Design Irrigation had made no attempt to discover whether P.M. One or Manhatten Condominium Association had finished draining the pipes. Although disputed, there was evidence that Design Irrigation failed to inform P.M. One that it had left the drainage work incomplete.

At issue is whether the evidence presented by plaintiffs created a triable issue of fact regarding Design Irrigation's liability in tort for plaintiff's injuries, especially where the alleged breach of duty may be characterized as a breach of contract with P.M. One. In determining whether plaintiffs have a tort action under these circumstances, we note that Michigan law distinguishes between misfeasance and nonfeasance. *Hart v Ludwig,* 347 Mich 559, 564; 79 NW2d 895 (1956); *Freeman-Darling, Inc v Andries-Storen-Reynaert Multi Group, Inc,* 147 Mich App 282, 285-286; 382 NW2d 769 (1986). Misfeasance is negligence during performance of a contract. While performing a contract, a party owes a separate, general duty to perform with due care so as not to injure another. Breach of this duty may give rise to tort liability. *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967). The duty to act with due care encompasses the duty to prevent injury from a peril created during performance. See *Hart, supra* at 565. In contrast, failure to perform a contract altogether constitutes nonfeasance and gives rise only to a suit for breach of contract. *Id.*

The distinction between misfeasance and nonfeasance is somewhat "difficult to make." *Id.* at 564. This is particularly true where, as here, a party

begins performance of a contract but does not complete it. Relying in part on *Hart, supra,* and *Freeman-Darling, supra,* the trial court found Design Irrigation's failure to complete the contract indicative of nonfeasance. We disagree.

On this point, § 324A of the Second Restatement of Torts has been accepted as a correct statement of Michigan law. *McMiddleton v Otis Elevator Co,* 139 Mich App 418, 427-428; 362 NW2d 812 (1984). That section provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking. [2 Restatement Torts, 2d, § 324A, p 142.]

Here, Design Irrigation clearly undertook to perform the service of draining the sprinkler system for P.M. One. This maintenance work was deemed necessary for the protection of the tenants and their property. Moreover, there was evidence that Design Irrigation failed to inform P.M. One that the drainage job was incomplete once it stopped work on the pipes. Whether the drainage work had been completed was a fact not readily ascertainable by P.M. One. Under these circumstances, P.M. One could assume that the work was complete. These facts fit within § 324A(c). See also 2 Restatement Torts, 2d, § 324A, comment e, illus-

tration 4, p 141. They are also analogous to the facts in *Talucci v Archambault,* 20 Mich App 153; 173 NW2d 740 (1969), where the defendant failed to remove ice and snow from the walkway of a business, as required by contract. The Court held that the defendant had undertaken to remove the snow and that its failure to do so could be deemed a failure to exercise due care. *Id.* at 160-161.

*Hart, supra,* which involved incomplete performance of a contract, is distinguishable. There, the defendant repudiated a contract to maintain an orchard. He did so after completing one season's work and shortly after beginning the next season's work. 347 Mich 560. The defendant plainly refused to perform, rather than letting it appear that the job was complete when it was not. Unlike the drainage of underground pipes, the *Hart* defendant's failure to maintain the orchard was plainly visible. In short, the plaintiffs there could hardly rely on the defendant to complete performance after the defendant announced his repudiation of the contract.

*Freeman-Darling, supra,* is also distinguishable. That case involved a delay in performance, not an abandonment of performance that was not readily apparent and that resulted in a hidden danger. 147 Mich App 288.

The trial court erred in concluding as a matter of law that plaintiffs could not establish a case of misfeasance.

Reversed.