**Kurt W. KRAUSE, Bette Krause, Richard J. Etchinson, and Roselsee Etchinson, Plaintiffs,**

v.

**STROH BREWERY COMPANY, an Arizona Corporation, Defendant.**

No. 02–71622.

United States District Court, E.D. Michigan, Southern Division.

July 18, 2002.

Elias Muawad, Muawad & Muawad, Southfield, MI, for Plaintiffs.

Eugene H. Boyle, Jr., Howard W. Burdett, Jr., Butzel Long, Detroit, MI, for Defendant.

## OPINION AND ORDER

ZATKOFF, Chief Judge.

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss. Plaintiffs responded. Plaintiffs also submitted a supplemental response. The Court finds that the parties have adequately set forth the relevant law and facts, and that oral argument would not aid in the disposition of the instant motion. *See* E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motion be decided on the briefs submitted. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

### II. BACKGROUND

Defendant used to be in the business of brewing beer and other beverages. Defendant would also brew beer for other companies; a practice that is known as contract brewing. On April 6, 1998, Defendant entered into a contract brewing agreement (hereinafter "agreement") with the Northland Beverage Corporation (hereinafter "Northland"), in which Defendant agreed to manufacture and package two brands of malted beverages, respectively known as "Two Dogs" and "Hard Rock," for Northland. In order to secure this agreement, Northland gave Defendant a $400,000 letter of credit through its bank, First Union National Bank. Plaintiffs, owners and shareholders of Northland, used their personal assets to secure the letter of credit.

On April 29, 1999, Defendant collected on the $400,000 letter of credit. Plaintiffs allege in their five-count complaint that the collection was wrongful because, as part of the agreement, Defendant agreed to not collect on the letter of credit unless Northland was in default. The five counts are as follows: Conversion (Count I); Breach of Contract / Implied Contract / Third Party Beneficiary (Count II); Unjust Enrichment (Count III); Promissory Estopple (Count IV); and Negligence (Count V).

Defendant counters that it was justified in collecting on the letter of credit because Northland was $327,767.16 past due on its payments. In addition, Defendant brings this motion pursuant to FED. R. CIV. P. 12(b)(6), arguing that Plaintiffs failed to state a claim upon which relief may be granted. Defendant argues that Plaintiffs are barred by the statute of limitation, and that Plaintiffs, who are not parties to either the agreement or the letter of credit, have no standing to assert a claim.

### III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiffs' claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiffs' favor. *See Jackson v. Richards Med. Co.,* 961 F.2d 575, 577–78 (6th Cir.1992). The

Court, however, need not accept as true legal conclusions or unwarranted factual inferences. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiffs to recover. *See Carter v. Cornwell,* 983 F.2d 52, 54 (6th Cir. 1993).

## IV. ANALYSIS

### A. Choice–of–Law

■ The Court begins its analysis with noting that the parties are from two different states: Plaintiffs are from Florida, and Defendant brewed beer in Michigan. The Court must therefore decide which state's law to apply. When sitting in diversity, this Court applies the choice-of-law provisions of the forum state. *See Davis v. Sears, Roebuck and Co.,* 873 F.2d 888, 892 (6th Cir.1989). As for Plaintiffs' contract claims, Michigan law permits the parties to choose for themselves which state's law will govern their contracts, so long as the chosen state has some relationship to the parties or the transaction, and the law of the chosen state is not contrary to a fundamental policy of the forum state. *See Johnson v. Ventra Group, Inc.,* 191 F.3d 732, 738 (6th Cir.1999).

■ In the present case, the agreement between Northland and Defendant contains a choice-of-law provision that states: "This agreement shall be governed by and construed in accordance with the provision of the laws of the State of Michigan." The Court finds that Michigan has a relationship with the parties and the transaction: Defendant was from Michigan, and brewed beer in Michigan for Northland. Further, the Court is aware of no other reason why it should not apply Michigan law to the present action. Therefore, the Court shall apply Michigan law to Plaintiffs' contract claims.

■ As for Plaintiffs' tort claims, the Court shall also apply Michigan law. For tort claims, Michigan presumes that the law of the forum state applies, unless there is a rational reason to apply another state's law. *See Sutherland v. Kennington Truck Serv., Ltd.,* 454 Mich. 274, 562 N.W.2d 466, 471 (1997). There is a rational reason to apply another state's law if that state's interest in having its law applied outweighs the forum state's interest in having its own law applied. *See id.* at 470–71, 562 N.W.2d 466. Here, Plaintiffs are from Florida. That fact alone, however, does not justify the use of Florida law. *See id.* (citing *Home Ins. Co. v. Dick,* 281 U.S. 397, 408, 50 S.Ct. 338, 74 L.Ed. 926 (1930)). Even if it were, the Court finds that Michigan has an interest in applying its own laws because Defendant was a resident of Michigan, and conducted the allegedly tortious conduct while it was located within the state. Therefore, the Court shall apply Michigan tort law.

### B. Statute of Limitations

Michigan's enactment of Article 5 of the Uniform Commercial Code governs transactions involving letters of credit. *See* MICH. COMP. LAWS § 440.5101 *et seq.* Article 5 includes a one-year statute of limitations period for any "action to enforce a right or obligation arising under this article...." *See* MICH. COMP. LAWS § 440.5115. Article 5 also provides a cause of action for wrongfully collecting on a letter of credit. *See* MICH. COMP. LAWS § 440.5110(1)(b) ("If presentation is honored, the beneficiary warrants: (b) To the applicant that the drawing does not violate any agreement between the applicant and beneficiary...."). Therefore, the one-year statute of limitations applies to actions for wrongfully collecting upon letters of credit.

Plaintiffs allege that one condition of Northland's agreement with Defendant was that the latter would not collect upon the letter of credit unless Northland was in default, which Defendant allegedly violated. In other words, Plaintiffs allege that Defendant wrongfully collected upon a letter of credit. The Court finds that this action, which arises out of Northland's agreement with Defendant, is governed by Article 5. *See* MICH. COMP. LAWS § 440.5102(1) ("This article applies to letters of credit and to certain rights and obligations arising out of transactions involving letters of credit."). The alleged wrongful collection occurred on April 29, 1999, however, this action was not filed until nearly three years later, April 24, 2002. Consequently, all claims that arise pursuant to the agreement are barred by the one-year statute of limitations. Three of Plaintiffs' claims are based on this agreement: Breach of Contract / Implied Contract / Third Party Beneficiary (Count II); Unjust Enrichment (Count III); and Promissory Estopple (Count IV). Therefore, Counts II, III, and IV are DISMISSED.

### C. Tort Claims

Plaintiffs' two tort claims shall also be DISMISSED. "As a general rule, there must be some active negligence or misfeasance to support a tort. There must be some breach of duty distinct from breach of contract." *Rinaldo's Const. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 559 N.W.2d 647, 657 (1997) (quoting *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895, 897 (1956)). In other words, "the threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation." *See id.* at 658. With regard to the tort claims – Conversion (Count I), and Negligence (Count V) – Plaintiffs' allege that they arise out of the same agreement as do Plaintiffs' Counts II–IV. Therefore, Plaintiffs' tort claims shall be DISMISSED because they do not arise out of a separate and distinct legal duty as does the contractual obligation.

## V. CONCLUSION

Therefore, for the reasons stated above, Counts I—V of Plaintiffs' complaint are DISMISSED.

IT IS SO ORDERED.