NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0274n.06

Case No. 24-1933

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 05, 2025
KELLY L. STEPHENS, Clerk

ANGELA DELORES SAUNDERS,

    Plaintiff-Appellant,

v.

HOME DEPOT, INC., a Foreign corporation,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: GRIFFIN, LARSEN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** A customer bumped into Angela Saunders while she waited in the check-out line at a Home Depot in Michigan. So she sued Home Depot for negligence. The district court dismissed Saunders's complaint. We affirm.

## I.

In April 2020, during the COVID-19 pandemic, Angela Saunders went shopping at the Home Depot in Northville Township, Michigan. After selecting an item, she got in the check-out line. Home Depot had taken several measures to minimize the transmission of COVID-19. These measures included social distancing, which caused the check-out line to stretch into the front concourse of the store. Home Depot assigned an employee to direct customer check-out traffic.

When Saunders was second in line, a woman approached the front of the line, seemingly unaware that it stretched into the front concourse. The employee directing customer traffic pointed her to the back of the line and, as she retreated, the man in front of Saunders offered the woman

the opportunity to take a position in front of him. As the man backed up to allow the woman into the line, he stepped on Saunders's foot and collided with her, causing her to fall and suffer injury.

Saunders first sued Home Depot in Michigan state circuit court in 2020. Home Depot removed the case, and the district court granted its motion for judgment on the pleadings. The district court dismissed the complaint without prejudice, but Saunders neither moved to amend her complaint nor appealed. Instead, she again sued Home Depot in state court in 2023. Once more, Home Depot removed the case to federal court; it then moved to dismiss the complaint. The district court granted the motion to dismiss. Saunders appealed.

## II.

We review de novo the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lindke v. Tomlinson*, 31 F.4th 487, 495 (6th Cir. 2022). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

The parties agree that Michigan law governs this diversity-of-jurisdiction action. *See Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d 554, 560 (6th Cir. 2016).

## III.

On appeal, Saunders contends the district court erred in granting Home Depot's motion to dismiss. The parties dispute whether Saunders's claim against Home Depot sounds in ordinary negligence or premises liability. Under Michigan law, to prevail on either type of claim, a plaintiff must establish four elements: duty, breach, causation, and damages. *Est. of Livings v. Sage's Inv.*

*Grp., LLC*, 968 N.W.2d 397, 402 & n.3 (Mich. 2021); *Loweke v. Ann Arbor Ceiling & Partition Co.*, 809 N.W.2d 553, 556 (Mich. 2011).  We need address only the duty element.  "Whether a defendant owes a plaintiff a duty of care is a question of law for the court." *Beaudrie v. Henderson*, 631 N.W.2d 308, 311 (Mich. 2001) (citation omitted).

Michigan law distinguishes between ordinary negligence claims and premises-liability claims.  *Jahnke v. Allen*, 865 N.W.2d 49, 51 (Mich. Ct. App. 2014) (per curiam).

"[T]he duty owed in a general negligence claim is that every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another."  *Id.* (internal quotation marks omitted).  Michigan law incorporates the longstanding principle that every person or entity "who attempts to do anything . . . for another" has a duty "to exercise some degree of care and skill in the performance of what he has undertaken."  *Hart v. Ludwig*, 79 N.W.2d 895, 898 (Mich. 1956) (quotation omitted); *see also Loweke*, 809 N.W.2d at 556, 561.  This is known as "the voluntary-assumption-of-duty doctrine."  *Leone v. BMI Refractory Servs., Inc.*, 893 F.3d 359, 363 (6th Cir. 2018) (applying Michigan law).

On the other hand, "[t]he duty owed in a premises liability case is that the landowner simply owes the licensee a duty to warn of unreasonably dangerous conditions, when the licensee neither knows nor has reason to know of the condition and the risk involved."  *Jahnke*, 865 N.W.2d at 51 (internal quotation marks omitted).  That said, the plaintiff "must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue."  *Lowrey v. LMPS & LMPJ, Inc.*, 890 N.W.2d 344, 349 (Mich. 2016) (per curiam) (alteration and quotation omitted).

Although a plaintiff can bring both claims in the same action, *see, e.g.*, *Laier v. Kitchen*, 702 N.W.2d 199, 208 (Mich. Ct. App. 2005), Saunders's allegations sound in ordinary negligence

rather than premises liability. Saunders complains of negligent conduct based on a duty that Home Depot supposedly undertook voluntarily rather than a condition of its premises. She complains primarily of Home Depot's negligence in controlling customer traffic and refers to the conduct of a specific employee, arguing that the employee caused her injury by assuming control of the check-out line and managing it negligently. *Compare id.* at 209 (agreeing, in a case where the decedent was crushed by a bucket of a front-end loading tractor while helping the defendant repair the tractor on the defendant's premises, that "defendant 'owed a duty to [the decedent] to use due care and caution in the operation and control of the tractor and bucket,'" and holding that the "[d]efendant's *conduct* was thus an alleged basis of liability, independent of premises liability" (citation omitted)), *with Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (noting that "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence" (citation omitted)). Saunders's complaint contains no allegations reflective of premises-liability claims, nor does she allege that Home Depot owed her a duty just because it is a business. *See Wheeler v. Cent. Mich. Inns, Inc.*, 807 N.W.2d 909, 912 (Mich. Ct. App. 2011) ("Terms such as 'premises possessor' and 'dangerous condition on the land' relate to the elements of a premises liability, rather than ordinary negligence, claim.").

By pursuing an ordinary negligence theory, Saunders attempts to circumvent Michigan's well-established premises-liability rule that a business is seldom required to protect customers from unforeseeable criminal or negligent acts of third parties. *See, e.g.*, *Williams v. Cunningham Drug Stores, Inc.*, 418 N.W.2d 381, 385 (Mich. 1988) (criminal acts); *Sindel v. Merch. Detective Agency*, No. 214064, 2001 WL 740125, at *3 (Mich. Ct. App. Feb. 16, 2001) (per curiam) (negligence). But that rule also applies to ordinary negligence claims.

In *Scott v. Harper Recreation, Inc.*, the Michigan Supreme Court extended "the rule of *Williams*" to apply "even where a merchant voluntarily takes safety precautions." 506 N.W.2d 857, 863 (Mich. 1993) (per curiam). It thus held that "[s]uit may not be maintained on the theory that the safety measures are less effective than they could or should have been." *Id.*; *see also Bailey v. Schaaf*, 835 N.W.2d 413, 425 n.57 (Mich. 2013) (noting that *Scott* "reaffirmed *Williams*' principle that we impose no liability on premises owners for the failure of voluntary safety precautions" (emphasis omitted)). In *Scott*, the defendant nightclub advertised a lighted parking area monitored by security. 506 N.W.2d at 858. The plaintiff, a nightclub patron who was shot in the parking lot, claimed that the nightclub had voluntarily assumed a duty to provide a safe parking lot by publishing the advertisement. *Id.* at 859. The court reasoned that "[t]o the extent that [the] defendant voluntarily assumed any obligations, the exact terms of its undertaking were explicitly stated in its advertising," which was to provide lighted and guarded parking. *Id.* at 861. The defendant did not guarantee the personal safety of its patrons while parking; it instead advertised specific measures designed to decrease danger, which it indeed provided. *See id.* at 862. To hold otherwise, the court explained, "would penalize merchants who provide some measure of protection, as opposed to merchants who take no such measures." *Id.* (quotation omitted).

Here, Saunders alleges that Home Depot undertook measures to "minimize the risk of transmission of [COVID-19]." R. 1-1, PageID 14. The requirement that customers practice social distancing in the check-out line was specifically designed to limit the spread of COVID-19. Home Depot therefore had a duty to use "reasonable care" while implementing those measures. *See Buczkowski v. McKay*, 490 N.W.2d 330, 332 (Mich. 1992) ("[T]he standard of care . . . in negligence cases is always reasonable conduct."). In fact, Saunders's allegations reflect that Home Depot did just that, assigning an employee to monitor the check-out line who directed a customer

to the back of the extended line. This limited duty did not obligate Home Depot to protect customers from all risks that might befall them from being near others while shopping, and Saunders posits no allegations or argument to the contrary. Even if Home Depot assumed a general duty to control customer traffic in the check-out line, it would not be a duty to eliminate all risk of inadvertent contact between customers, but only to reduce that risk. *See, e.g.*, *Scott*, 506 N.W.2d at 862; *Bailey*, 835 N.W.2d at 425 n.57. Therefore, Saunders has failed to plausibly allege a negligence claim against Home Depot. *See Sindel*, 2001 WL 740125, at *3 (holding that liability could not be imposed "where a merchant voluntarily takes safety precautions but the precautions are less effective than they could or should have been").

Saunders's appellate brief focuses primarily on rehashing procedural grievances with the way the district court addressed her cases and arguing that her 2023 complaint is substantially different from the 2020 complaint that the district court dismissed without prejudice. We have limited our review to whether the 2023 complaint plausibly alleged a negligence claim against Home Depot. For the reasons above, it does not. Beyond that, Saunders makes the conclusory argument that she "adequately alleged negligence by [Home Depot] in its performance of its assumed duty." D. 18 at p.25. That bare assertion cannot overcome the deficiencies in Saunders's complaint.

### IV.

We **AFFIRM** the district court's judgment.