## HELD CONSTRUCTION COMPANY, INC v MICHIGAN NATIONAL BANK OF DETROIT

Docket No. 56746. Submitted June 9, 1982, at Detroit.—Decided February 11, 1983. Leave to appeal denied, 417 Mich ___.

Held Construction Company, Inc., and its principal officers and sole shareholders, Jack C. Drennan and Edward L. Lipscomb, filed a four count complaint in Oakland Circuit Court against Michigan National Bank of Detroit and the West-Oakland Bank seeking damages arising out of the alleged failure to the defendants to pay the balances due under an oral construction contract for a bank building built by plaintiffs for the defendants. In the first count of the complaint, plaintiffs alleged that an oral contract for the construction of the building existed, that plaintiffs had completed their performance under the contract, and that the defendants failed to pay the balance due on the contract, $99,096.61, which plaintiffs sought as damages under the first count. The second count alleged that defendants were notified that the construction company was in dire need of the funds which were due, that the defendants intentionally withheld payment and that, as a result, the company was rendered insolvent, its economic relationships were utterly destroyed and its credit standing was irrevocably impaired. Damages in the amount of $500,000 were sought under the second count. The third and fourth counts alleged that plaintiffs Drennan and Lipscomb had each been rendered extremely financially embarrassed so as to cause each extensive and lasting impairment of his credit standing and business reputation as a result of defendants' failure to complete payments due under the contract. Each individual plaintiff sought damages of $250,000. Defendants moved for summary judgment as to the second, third, and fourth counts on the basis that plaintiffs

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 73 Am Jur 2d, Summary Judgment § 27.

[2] 13 Am Jur 2d, Building and Construction Contracts § 76.

[3, 4] 13 Am Jur 2d, Building and Construction Contracts § 76.
22 Am Jur 2d, Damages § 57.

[5] 1 Am Jur 2d, Actions § 32.
17 Am Jur 2d, Contracts §§ 441, 521.

were not entitled to the special damages because defendants had not been notified of the possibility of such special damages at the time of the making of the contract. Defendants' motion was accompanied by an affidavit which pointed out that the deposition testimony of the individual plaintiffs indicated that the defendants were not notified of the dire need for payments until some months after the contract had been entered into. Robert B. Webster, J., granted defendants' motion and dismissed the second, third, and fourth counts. Plaintiffs appeal by leave granted. *Held:*

1. Michigan adheres to the rule that the damages recoverable for the breach of a contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made. Application of that principle to commercial contracts generally results in limiting damages to the monetary value of the contract had the breaching party fully performed under the contract. Special damages for "financial embarrassment" resulting from a breach of contract requires the pleading and showing that the risk of insolvency was within the actual contemplation of the parties at the time the contract was made, since the financial ruin of a corporation or its officers is not a natural consequence arising from the breach of a contract.

2. Since the plaintiffs' deposition testimony indicates that the defendants were not informed or notified of the dire need for the funds due under the contract until after the contract had been made, the special damages requested in the second, third, and fourth counts were not within the contemplation of the parties at the time the contract was made. Accordingly, the granting of summary judgment on those counts was in accord with the accepted rule of law concerning damages which may be recovered for breach of contract.

3. Since plaintiffs alleged no duty existing independent of and apart from those duties resulting from the contract, their sole means of recovery is in contract rather than tort. The second, third, and fourth counts cannot be said to have adequately pled a cause of action in tort so as to avoid the damages limitation rule which is applied to contract actions.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DEPOSITIONS.

Deposition statements of a nonmovant are binding upon the nonmovant for the purpose of determining whether a motion for summary judgment should be granted on the ground that

except for the amount of damages there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

2. DAMAGES — CONTRACTS — BREACH OF CONTRACT.

The damages recoverable for breach of contract are those that arise naturally from the breach or those in the contemplation of the parties at the time the contract was made; in a commercial contract situation, damages are generally limited to the monetary value of the contract had the breaching party fully performed under it.

3. DAMAGES — CONTRACTS — BREACH OF CONTRACT.

The financial ruin of a contracting corporation or its officers is not a consequence arising naturally from a breach of contract; accordingly, absent an allegation and evidence that a risk of insolvency was within the actual contemplation of the parties at the time a contract was made, damages for the financial ruin of the nonbreaching party to a contract are not recoverable upon the breach of a contract.

4. DAMAGES — CONTRACTS — BREACH OF CONTRACT — SUMMARY JUDGMENT.

A plaintiff seeking as damages for breach of contract amounts for financial ruin which allegedly was caused by the failure of the defendant to honor the contract, when faced with a defense motion for summary judgment on the basis that such damages were not within the contemplation of the parties, must come forward with a showing that there is a dispute as to whether the defendant was aware at the time the contract was made of the risk of plaintiff's financial ruin if there would be any future breach of the contract.

5. ACTIONS — CONTRACTS — BREACH OF CONTRACT — TORTS.

A tort action will not lie for a breach of a contract where there is no allegation that a duty exists independent of and apart from the contractual undertaking and that such duty was violated; in the absence of such allegation of independent duty and breach thereof, any action for the breach of a contract sounds in contract rather than tort.

*Berkey & Braun* (by *Jen H. Berkey* and *Jonathan A. Braun),* for plaintiff.

*Nederlander, Dodge & McCauley, P.C.* (by *Gary*

*L. Visseher),* for Michigan National Bank of Detroit.

*George E. Ward,* for Michigan National Bank West-Oakland.

Before: J. H. GILLIS, P.J., and WAHLS and R. H. BELL,* JJ.

PER CURIAM. Plaintiffs appeal by leave granted from the trial court's grant of summary judgment to defendants under GCR 1963, 117.2(3), dismissing three of four counts in plaintiffs' second amended complaint.

The underlying facts of this controversy arise out of an oral contract between Held Construction Company and defendants to construct a branch banking office for West-Oakland Bank in Oakland County. Plaintiffs Drennan and Lipscomb are principal officers and sole shareholders of the plaintiff corporation.

In Count I of their complaint, plaintiffs alleged the existence of the oral contract, its performance by plaintiffs, and a failure to pay the balance due for the completed construction by defendants. In this count plaintiffs sought damages of $99,096.61, the balance alleged to be due.

Count II averred that defendants were notified, without specification of date, that Held Construction Company was in dire need of funds which were due and that defendants intentionally withheld payment. As a result, the corporate plaintiff alleged it lost sizeable future profits and was rendered insolvent, "with its economic relationships utterly destroyed and its credit standing irrevoca-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bly impaired", and sought additional damages of $500,000.

In Counts III and IV plaintiffs Drennan and Lipscomb alleged that as a result of defendants' failure to complete payments due under the contract each "has been rendered extremely financially embarrassed, such as to cause him extensive and lasting impairment of his credit standing and business reputation in his social and business community". They each sought additional damages of $250,000.

Defendants filed a motion for summary judgment, claiming plaintiffs were not entitled to the damages sought in Counts II, III, and IV because defendants had not been notified of such special damages at the time of the making of the contract. Accompanying defendants' motion was an affidavit correctly pointing out that, according to deposition testimony of the individual plaintiffs, defendants were not notified of the dire need for payments until four or five months after the contract was entered into.

We conclude that summary judgment was properly granted. Plaintiffs' own depositional statements, which are binding upon them for the purpose of determining whether summary judgment would be appropriate, see *Braman v Bosworth,* 112 Mich App 518; 316 NW2d 255 (1982), revealed that no genuine issue of fact existed such as would preclude dismissal of those counts seeking damages in excess of the monetary value of the contract.

Under the rule of *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854), as reiterated in *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 414; 295 NW2d 50 (1980), the damages

recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made. Accordingly, in a commercial contract situation such as is involved here, application of this principle generally results in a limitation of damages to the monetary value of the contract had the breaching party fully performed under it. *Kewin, supra,* pp 414-415.

The failure of a party to make payments due under a contract for work or services performed by the other party does not usually result in the financial failure of the performing party or the "financial embarrassment" of its shareholders or officers. The financial ruin of a contracting corporation or its officers is plainly not a consequence arising naturally from a breach of the contract. Therefore, absent evidence that a risk of insolvency was within the actual contemplation of the parties at the time the contract was made, damages are not recoverable for such a consequence.

As the parties opposing the motion for summary judgment, it was incumbent upon plaintiffs to come forward with a showing that there was a dispute as to whether defendants had been made aware, at the time the contract was made, of the risk of plaintiffs' financial ruin attending any future breach of the contract. See *Hollowell v Career Decisions, Inc,* 100 Mich App 561; 298 NW2d 915 (1980).

The only factual allegation in the record below supporting plaintiffs' claim that such damages were within the contemplation of the parties was that in the complaint, *i.e.,* that defendants had been expressly notified of plaintiffs' dire need for funds due under the contract. Plaintiffs' own deposition testimony, however, revealed that defen-

dants were not informed or notified of this situation until well after the contract was made.

Thus, in the absence of any factual support for plaintiffs' claim that damages in excess of the monetary value of the contract were recoverable under the rule of *Hadley v Baxendale, supra,* summary judgment was properly granted.

Plaintiffs argue, however, that Counts II, III, and IV also state a cause of action in tort. Accordingly, reason plaintiffs, damages recoverable would not necessarily be limited to those obtainable in contract under the rule of *Hadley v Baxendale, supra.*

We recognize, as did the Supreme Court in *Oliver v Perkins,* 92 Mich 304; 52 NW 609 (1892), a case relied upon by plaintiffs, that the same set of facts establishing a breach of contract might also establish a cause of action in tort. We do not find, however, that the facts alleged by plaintiffs in this case state a cause of action independent of that for breach of contract.

Plaintiffs have alleged no more than the failure of defendants to discharge their obligation to pay under the oral contract. Where, as here, there is no allegation that a duty existing independent of and apart from the contractual undertaking has been violated, a tort action will not lie. *Kewin, supra,* 422-423, *Hart v Ludwig,* 347 Mich 559, 565-566; 79 NW2d 895 (1956). We find applicable, as did the Court in *Kewin,* the following statement from *Hart:*

"We have simply the violation of a promise to perform the agreement. The only duty, other than that voluntarily assumed in the contract to which the defendant was subject, was his duty to perform his promise in a careful and skillful manner without risk of harm to others, the violation of which is not alleged. What we

are left with is defendant's failure to complete his contracted-for performance. This is not a duty imposed by the law upon all, the violation of which gives rise to a tort action, but a duty arising out of the intentions of the parties themselves and owed only to those specific individuals to whom the promise runs. A tort action will not lie."

No cause of action independent of that for breach of contract having been alleged, summary judgment was proper.

Affirmed.