**Mary HAAS, Plaintiff-Appellant,**

v.

**MONTGOMERY WARD AND COMPANY, Defendant-Appellee.**

No. 85–1696.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1986.

Decided March 5, 1987.

Steven Fellows argued, Southfield, Mich., for plaintiff-appellant.

Charles C. DeWitt Jr. argued, Detroit, Mich., for defendant-appellee.

Before MERRITT, JONES and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge.

In this diversity action, plaintiff Mary Haas contends that her employer, Montgomery Ward and Company, discriminated against her on the basis of age, wrongfully

discharged her and negligently wrongfully discharged her when the company consolidated its catalogue and customer accommodation center. Haas claims that she was dismissed and a woman twenty years younger than she was retained to manage the new consolidated department because the younger woman had a social relationship with the supervisors. In addition, Haas maintains that her low performance evaluation was based not on her job performance, but on her supervisor's dislike for her.

■ We affirm the District Court's dismissal of the entire case. First, to find age discrimination under the Elliott-Larsen Civil Rights Act. Mich.Comp.Laws § 37.-2101–.2804, Michigan law requires proof that age was a significant determining factor in the employer's decision to discharge the employee. *Adama v. Doehler-Jarvis*, 115 Mich.App. 82, 320 N.W.2d 298 (1982), *rev'd on other grounds*, 419 Mich. 905, 353 N.W.2d 438 (1984); *Gallaway v. Chrysler Corp.*, 105 Mich.App. 1, 306 N.W.2d 368 (1981). There is no such proof here. The mere fact that Haas was replaced by a younger woman is not legally sufficient to prove the company discharged her on the basis of her age.

■ Second, a claim for wrongful discharge cannot be maintained where, as here, the employment is on an "at will" basis. *Kay v. United Technologies Corp.*, 757 F.2d 100 (6th Cir.1985); *Valentine v. General American Credit, Inc.*, 420 Mich. 256, 362 N.W.2d 628 (1984); *Toussaint v. Blue Cross & Blue Shield*, 408 Mich. 579, 292 N.W.2d 880 (1980). The record contains documents bearing Haas' signature which acknowledge that her employment "may be terminated at will at any time by myself or by the company," and "may ... be terminated at any time, with or without cause, and without any previous notice." Joint Appendix 262, 313. As the Supreme Court of Michigan has stated, "Employers and employees remain free to provide, or not to provide, for job security. Absent a contractual provision for job security, either the employer or the employee may ordinarily terminate an employment con-

tract at any time for any, or no, reason." *Valentine*, 362 N.W.2d at 629 (footnote omitted). Haas' "at will" employment precludes any claim for wrongful discharge.

Third, Haas' negligent wrongful discharge claim stems from her employment contract with the company. She argues that the company's failure to compare her prior evaluations to her most recent and lower evaluation breached the company's contractual duty to exercise reasonable care and constitutes negligence. We find no merit in this tort claim under Michigan law.

In Michigan an action in tort requires a breach of duty separate and distinct from a breach of contract. *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1956); *Kewin v. Massachusetts Mutual Life Insurance Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980); *Brewster v. Martin Marietta Aluminum Sales, Inc.*, 145 Mich.App. 641, 378 N.W.2d 558 (1985). In the *Hart* opinion, Michigan's highest court points out that "if a relationship exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." 347 Mich. at 567, 79 N.W.2d at 898, quoting W. Prosser, Handbook of the Law of Torts, § 33 at 205 (1st ed.).

■ Haas relies on a Michigan Court of Appeals case to argue that Michigan law permits a cause of action for negligent wrongful discharge. *Schipani v. Ford Motor Co.*, 102 Mich.App. 606, 302 N.W.2d 307 (1981). *Schipani* states that negligent performance of a contract constitutes a tort as well as a breach of a contract. Nevertheless, *Schipani* neglects an important consideration discussed in *Hart* and later in *Brewster:* an action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.

■ The *Hart* case still controls today. Citing *Hart* with approval, *Brewster* states, "[B]ecause there was no breach of duty *distinct* from the breach of contract, plaintiff's ... action is in contract, not in tort." 378 N.W.2d 558 at 569 (emphasis in original). *See also* Prosser and Keeton on

the Law of Torts § 92 at 661 (5th ed. 1984). ("[T]here will be liability in tort for performance of a contract whenever there would be liability for gratuitous performance without the contract.")

Here, Haas' position with the company was the only reason she was evaluated. Without the employment contract the evaluation would never have occurred. There would be no independent action in tort for negligent evaluation causing her discharge. Therefore, under the analysis of *Hart*, she has no valid claim in tort.

Finally, in view of Haas' "at will" employment contract we find no merit in her claim that the District Court should have allowed additional time for discovery.

Accordingly, the judgment of the District Court is affirmed.

NATHANIEL R. JONES, Circuit Judge, concurring in part and dissenting in part.

While I agree with the majority's decision regarding plaintiff's age discrimination and wrongful discharge claims, I believe that the majority has incorrectly applied the Michigan law concerning negligent performance of a contract.

The Michigan Supreme Court in *Clark v. Dalman*, 379 Mich. 251, 150 N.W.2d 755 (1967), set forth the requirements for a negligence action in the context of a contract relationship:

> In order for plaintiff to be entitled to go to the jury on the negligence count, he mut prove: first, the existence of a legal duty on the part of the defendant to the plaintiff; second, failure on the part of defendant to exercise ordinary care in the performance of his duties; and third, damage to the plaintiff proximately resulting from negligent performance of duties by defendant.

> .     .     .     .     .

> Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part. *Moreover, while this duty of care, as an essential element of actionable negligence, arises by opera-*

*tion of law, it may and frequently does arise out of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract.*

*Id.* at 260–61, 150 N.W.2d 755 (emphasis added).

Prior to *Clark*, in *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1956), the Michigan Supreme Court laid out a similar understanding of the duty of care created by entering into a contract. The court there held that whenever a person attempts to do anything for another, she must exercise some degree of care and skill. If the person negligently performs what she has assumed to do, then that misfeasance will support an action in tort. *Id.* at 564, 79 N.W.2d 895. However, if a person simply *fails* to perform a contractual obligation, rather than performing it negligently, then only an action on the contract is supported since the only enforceable duty is the contractual duty. *Id.* Thus, in *Hart*, where the defendant had stopped working in the plaintiff's orchard as opposed to performing his work negligently, the court held that only a contract action was available. *Id.* at 565–66, 79 N.W.2d 895. In sum, the court's holding was that "misfeasance ... may support an action either in tort or on the contract, and the nonfeasance of a contractual obligation ... give[s] rise only to an action on the contract." *Id.* at 564, 79 N.W.2d 895.

Not surprisingly, Michigan cases subsequent to *Clark* and *Hart* have involved difficult questions of what constitutes *mis*feasance as opposed to *non*feasance of a contract. However, I think it is important to recognize at the outset that Michigan courts, while disagreeing as to what constitutes nonfeasance or misfeasance of a contract, have consistently applied the test for liability in tort as set forth in *Clark* and *Hart*. For instance, in *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980), a case upon which defendants rely, the Michigan Supreme

Court quoted its language concerning nonfeasance in *Hart*. The court held that the insurance company in *Kewin*, like the gardener in *Hart*, had simply failed to "discharge its obligations" under the contract. *Id.* at 423, 295 N.W.2d 50. In *Brewster v. Martin Marietta*, 145 Mich.App. 641, 378 N.W.2d 558 (1985), the court found that plaintiff's discharge could not support a tort claim because the affirmative act of discharging an employee is nonfeasance, i.e., nonperformance, of a contractual obligation. *Id.* at 668, 378 N.W.2d 558. *See also Held Const. Co. v. Michigan Nat'l Bank*, 124 Mich.App. 472, 478–79, 335 N.W.2d 8 (1983) (failure to discharge obligation to pay not actionable in tort under *Hart*).

While the cases cited above might indicate reluctance on the part of the Michigan courts to find misfeasance as opposed to nonfeasance of a contract, other Michigan decisions have found misfeasance leading to a cause of action in tort. The leading case on this point is *Schipani v. Ford Motor Co.*, 102 Mich.App. 606, 302 N.W.2d 307 (1981), in which the court held that a negligently performed evaluation of an employee could support a tort claim under *Hart* and *Clark*. *Id.* at 623–24, 302 N.W.2d 307. Even though defendant may have had no duty to perform the evaluation, once the performance was undertaken, the defendant had a duty to exercise reasonable care. *Id.* Similarly, in *Challenge Machinery Co. v. Mattison Machine Works*, 138 Mich.App. 15, 359 N.W.2d 232 (1984), the court held that the negligent installation of a surface grinder was a basis for a tort claim. "Negligent performance of an undertaking, even though grounded upon a contractual relationship, may constitute an actionable tort as well as a breach of contract." *Id.* at 27, 359 N.W.2d 232.

Interpreting this Michigan case law, two published Michigan federal district court decisions have held that Michigan recognizes a tort action for negligent performance of a contract. *Karmanos v. Baker*, 617 F.Supp. 809, 814 (E.D.Mich.1985); *Chamberlain v. Bissell, Inc.*, 547 F.Supp. 1067, 1081 (W.D.Mich.1982). Nevertheless,

defendant correctly points out that some federal district courts have explicitly chosen *not* to follow either the Michigan appellate court's decision in *Schipani* or the federal district court's decision in *Chamberlain v. Bissell*. *See, e.g., Brownell v. American Airlines, Inc.*, No. 83 CV0464DT (E.D.Mich. May 25, 1984); *Payne v. Weyerhaeuser Co.*, No. 82–73130 (E.D.Mich. Feb. 8, 1983). The reason for this failure to follow the Michigan lower court decisions seems to be based on the logic used by former District Judge Boyle in *Payne v. Weyerhaeuser*:

> "Or as Prosser puts it ... 'if a relation exists which would give rise to a legal duty without enforcing the contract performance itself, the tort action will lie, otherwise not.'" *Hart v. Ludwig*, 347 Mich. at 565 [79 N.W.2d 895]. This court recognizes the court of appeals' decision in *Schipani v. Ford Motor Co.*, 102 Mich.App. 606 [302 N.W.2d 307] (1981), in which that court noted that a duty to exercise reasonable care may arise out of a contract. *However, to the extent that the holding in Schipani diverges from the clear statement articulated in Hart, that no tort is made out by a breach of duty which arises solely under a contract, I decline to follow it*
>
> . . . . .

Slip op. at 3–4.

The error in this logic is that it fails to recognize that Michigan law sets forth a duty to perform *any* undertaking with reasonable care, whether a contract governs that performance or not. Thus, negligent performance, i.e., misfeasance, of a contract is not only a breach of the duty created by the contract, but also a breach of the separate duty to perform *any* "promise in a careful and skillful manner without risk of harm to others." *Hart*, 347 Mich. at 565, 79 N.W.2d 895.

While I understand the federal courts' concerns over recognizing both a tort and a contract cause of action for the same negligent performance of a contract, we are sitting in diversity to apply Michigan law— not to judge its wisdom—and a Michigan

appellate court has recognized a cause of action in tort for the negligent performance of a job evaluation.[1] Such a cause of action is consistent with the Michigan Supreme Court's holdings in *Hart* and *Clark:* an actor has a duty to perform reasonably any action which it undertakes for another.

Accordingly, I would have reversed the district court's dismissal of plaintiff's claim for negligent performance of her job evaluation.

---

1. I would also note that a cause of action in tort for negligent performance of a contract is not an aberrant feature of Michigan law. *See, e.g., Consolidated Edison Co. v. Westinghouse Elec. Corp.,* 567 F.Supp. 358, 364 (S.D.N.Y.1983) (New York law recognizes tort cause of action for negligent performance of contract); *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal. Rptr. 839, 843–44, 610 P.2d 1330, 1334–35 (Cal. Sup.Ct.1980) (if cause of action arises from breach of duty growing out of contract it is *ex delicto* ).