**Donald R. BROCK, Clinical Biotest Laboratories, Inc., a Michigan corporation, Plaintiffs-Appellants,**

v.

**CONSOLIDATED BIOMEDICAL LABORATORIES, a Delaware corporation, Defendant-Appellee.**

No. 85–1356.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1986.

Decided April 21, 1987.

Leonard A. Siudara (argued), Susan E. Morrison, Bloomfield Hills, Mich., for plaintiffs-appellants.

Daniel M. Share (argued), Barris, Sott, Denn & Driker, Detroit, Mich., for defendant-appellee.

Before MERRITT, JONES and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge.

The sole issue raised in this appeal is whether the District Court properly dismissed plaintiffs' negligent performance of contract claim. The District Court correctly held that Michigan law does not recognize a cause of action in tort for the negligent performance of a contract. We therefore affirm the District Court.

In this diversity action plaintiffs Donald R. Brock, M.D., and Clinical Biotest Laboratories, Inc., entered into a written contract with defendant-corporation, Consolidated Biomedical Labs, for the sale of the plaintiff-corporation and its customer accounts. The contract provided that Dr. Brock would receive a percentage of the lab's revenues to be paid out of the business derived from the doctor's previous accounts. The contract did not contain a due diligence clause or related provision.

Following the sale the defendant engaged in allegedly irregular billing practices which plaintiffs claim drove away business the lab previously enjoyed. Plaintiffs then filed suit in the District Court alleging (1) breach of an implied condition of the contract, (2) negligent performance of the contract, and (3) misrepresentation. Judge Philip Pratt dismissed from the bench the first two claims for failure to state a claim upon which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. He held expressly, "[T]he law is clear in Michigan ... that a negligence action will not lie under circumstances of the sort that we have here at bar." Joint Appendix at 73.

Judge Pratt also granted plaintiffs leave to file an amended complaint alleging a breach of the implied obligation to perform the contract in good faith. Plaintiffs duly filed an amended complaint which (1) alleged the defendant had breached the contract by failing to perform in good faith, and (2) realleged the misrepresentation claim. The case was later assigned to Judge George E. Woods. Following a bench trial, Judge Woods found there was no valid claim on either count since the defendant had neither performed the contract in bad faith nor made any fraudulent misrepresentations.

Plaintiffs have not appealed the District Court's decisions on breach of contract or misrepresentation. Their appeal is based on Judge Pratt's decision on the 12(b)(6) motion concerning negligent performance of contract.

The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract. *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015 (6th Cir.1987); *Kewin v. Massachusetts Mutual Life Insurance Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980); *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1957); *Brewster v. Martin Marietta Aluminum Sales, Inc.*, 145 Mich. App. 641, 378 N.W.2d 558 (1985). In *Hart*, Michigan's highest court noted the distinction between the legal duty which arises by operation of a contract and the fundamental concept of a legal duty to avoid conduct which creates liability in tort. "[I]f a rela-

tion exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." *Hart*, 347 Mich. at 565, 79 N.W.2d at 898 (quoting W. Prosser, *Handbook of Torts*, § 33 at 205 (1st ed. 1941)).

In *Brewster*, the plaintiff's cause of action arose from the breach of a contractual obligation. The Court held that the plaintiff's cause of action was in contract, not in tort because "[a] relationship did not exist ... which would give rise to a legal duty without enforcement of the contract promise itself." *Brewster*, 145 Mich.App. at 668, 378 N.W.2d at 569. In the present case, defendant's duty to Dr. Brock was a function of the contract between the parties. In the absence of this contract, the harm Dr. Brock complains of would not exist.

Plaintiffs rely on *Schipani v. Ford Motor Co.*, 102 Mich. App. 606, 302 N.W.2d 307 (1981), and *Chamberlain v. Bissell, Inc.*, 547 F.Supp. 1067 (W.D.Mich. 1982), to argue that negligent performance of a contract constitutes a tort. This reliance is seriously misplaced. While *Schipani* points out that a breach of contract may also be a tort, it does not address the salient feature of *Haas*, *Hart*, and *Brewster*: an action in tort will not arise for a breach of contract unless the action in tort would arise independent of the existence of the contract. In its discussion of tort liability, plaintiffs' own authority, *Chamberlain*, states, "*There must be some breach of duty distinct from breach of contract.*" *Chamberlain*, 547 F.Supp. at 1081 (quoting *Hart v. Ludwig*, 347 Mich. at 563, 79 N.W.2d 895) (citation omitted) (emphasis in original). Plaintiffs' claim in tort cannot exist under Michigan law because plaintiffs do not claim that the defendant has caused any harm in the realm beyond the contract.

Prosser demarcates the boundary between contract and tort as follows:

Tort obligations are in general obligations that are imposed by law on policy considerations to avoid some kind of loss to others. *They are obligations imposed apart from ... any manifested intention of parties to a contract or other bargaining transaction.* Therefore, if the alleged obligation to do or not

to do something that was breached could not have existed but for a manifested intent, then contract law should be the *only* theory upon which liability would be imposed.

W. Keeton, D. Dobbs, R. Keeton, D. Owen, *Prosser and Keeton on the Law of Torts*, § 92 at 656 (5th ed. 1984) (emphasis added).

If plaintiffs' claim were allowed to prevail, it would confuse the characteristics of an action in tort with those of an action in contract and blur beyond recognition the boundary between actions in tort and contract. If every contract breach were treated as negligence or intentional tort, there would be no need for contract law. Accordingly, we affirm the district Court.

NATHANIEL R. JONES, Circuit Judge, dissenting.

I dissent for the reasons set forth in my dissent to *Haas v. Montgomery Ward*, 812 F.2d 1015 (6th Cir.1987). Accordingly, I would reverse the district court's dismissal of plaintiffs' negligence claim.