875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucille M. REGAN, an individual, Plaintiff-Appellant,
v.
EDWARD LOWE INDUSTRIES, INC., a foreign corporation,
Defendant-Appellee.
 No. 88-1062.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff brought this diversity action against her former employer, Edward Lowe Industries, Inc. (Lowe Industries), alleging that she was wrongfully terminated. The district court granted summary judgment for the defendant. Plaintiff appeals, asserting that the district court erred in granting summary judgment on plaintiff's claims of wrongful termination, age discrimination, and promissory estoppel. Upon review, we conclude that summary judgment was properly granted, and therefore, the decision of the district court is affirmed.
 
 I.
 
 2
 Lowe Industries is an Indiana corporation that manufacturers products for cats, including "Kitty Litter." The president of Lowe Industries is Edward Lowe. Lowe lives on a farm in Cassopolis, Michigan. Lowe Industries' research and development center is also located on this farm.
 
 
 3
 Plaintiff was hired by Lowe Industries in September of 1984. Prior to this date, plaintiff was living in Florida. She was working at a full-time secretarial job, but also was breeding and raising cats in her home. Her household "cattery" consisted of about twenty-eight Persian cats. During the summer of 1984, plaintiff was introduced to Edward Lowe through Chris Petty, an employee of Lowe Industries. Edward Lowe was interested in starting a new venture, a cat breeding business. Lowe met with plaintiff in Florida, and he toured her cattery. Lowe informed plaintiff of his plans for a cat breeding business. Plaintiff testified in her deposition that she was skeptical of Lowe and did not take him seriously because there are no corporate cat breeders in the world, very few people breed cats for a living, and cat breeding is mainly a hobby or cottage industry. Plaintiff also believed that Lowe's plans for a pentagon shaped cattery on his farm would not work. Plaintiff stated that she pursued discussions with Lowe because she wanted to sell him some of her cats. She testified that there were no promises or offers made to her during this meeting.
 
 
 4
 Plaintiff was later invited to meet with Lowe on his farm in Michigan. Lowe again discussed cat breeding, and plaintiff took Lowe's ideas more seriously than she had previously. However, plaintiff, in her deposition, could not state any promises or offers of employment which were made to her at this time. She stated that she could not remember on what terms the meeting was concluded.
 
 
 5
 Subsequently, in early August, plaintiff received a written offer of employment from Lowe Industries, asking her to be the director of cat breeding. The position paid $21,000 annually plus benefits and housing in a cottage on the farm. Plaintiff signed the offer and returned it. She then dismantled the cattery in her house and moved her cats and herself to Michigan, all at Lowe Industries' expense. Plaintiff commenced work at Lowe Industries on September 3, 1984. Her cats were housed either with her or in a converted garage next to her house.
 
 
 6
 Shortly after plaintiff began working for Lowe Industries, she was asked to complete a formal employment application. She testified in her deposition that she filled out the form and dated it to correspond with the date she started working rather than the actual date which she signed it. The paragraph preceding her signature states in relevant part:
 
 
 7
 I understand that if I am hired by the company, my employment relationship, unless otherwise specified in writing, will be at will. This means that I may leave my employment at my will and without prior notice, or the company may, without cause and without prior notice, terminate my employment.
 
 
 8
 (App. 286).
 
 
 9
 Subsequently, in June of 1986, Edward Lowe informed plaintiff that the cat breeding program was not financially sound and he wanted it discontinued. Plaintiff and Lowe Industries then held discussions concerning plaintiff becoming an independent contractor. These discussions were later discontinued, and plaintiff was told in September that her position was being eliminated. Plaintiff was officially terminated November 7, 1986. Defendant states that after plaintiff was terminated, the cat breeding position was eliminated, and cat breeding and all related activities ceased.
 
 
 10
 Plaintiff filed this action against defendant in May 1987. Interrogatories were subsequently exchanged between the parties, and depositions were taken. Defendants then filed for summary judgment, which was granted by the district judge in December 1987, in a memorandum bench opinion. Plaintiff had five claims, all of which were dismissed on summary judgment. Plaintiff appeals three of her dismissed claims.[1]
 
 II.
 
 11
 Plaintiff's first claim on appeal is that the district court erred in granting Lowe Industries' motion for summary judgment on the wrongful termination claim. Plaintiffs assert that there is a question of material fact as to whether Lowe Industries employed plaintiff under a contract providing that she could be terminated only for cause.
 
 
 12
 The Supreme Court explained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the standard for a grant of summary judgment:
 
 
 13
 Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
 
 
 14
 Id. at 322-23 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).
 
 
 15
 Lowe Industries argues in this case that summary judgment was properly granted because plaintiff's employment was at-will, as evidenced in the employment application that she signed. Lowe Industries asserts that plaintiff has offered no more than her subjective beliefs that she could only be discharged for cause. Furthermore, Lowe Industries asserts that even if plaintiff did have a just-cause contract, plaintiff's position was eliminated, thus constituting just cause for discharge as a matter of law, citing Nora v. Carrier Corp., 861 F.2d 457 (6th Cir.1988).
 
 
 16
 The district court found Lowe Industries' arguments persuasive. Plaintiff argues that Lowe represented to her that she would have long term employment (Brief at 4, 8, 14), but yet plaintiff does not specifically identify what was represented. In her deposition, she was unable to state even one representation made to her which formed her belief that she could only be fired for just cause. (App. 165-75). The cases upon which plaintiff relies are cases which state that an employer can transform an at-will employment relationship into one where the employee can only be discharged for just cause. The employer, in these cases, does this by making representations, either oral or written, that the employee will continue to be employed as long as he or she satisfactorily does his or her work. See, e.g., Toussaint v. Blue Cross and Blue Shield, 408 Mich. 579, 292 N.W.2d 880 (1980); Schipani v. Ford Motor Co., 102 Mich.App. 606, 302 N.W.2d 307 (1981). Here, plaintiff cannot point to any oral or written assurances that she would only be discharged for cause. The employment application form clearly indicated that she was an at-will employee. See Pratt v. Brown Machine Co., 855 F.2d 1225 (6th Cir.1988). Her subjective beliefs of long-term employment are not enough to survive summary judgment. Boynton v. TRW, Inc., 858 F.2d 1178 (6th Cir.1988); Kay v. United Technologies, Corp., 757 F.2d 1178 (6th Cir.1985). Summary judgment was properly granted on this issue.
 
 III.
 
 17
 Plaintiff's second assertion on appeal is that the district court erred in granting Lowe Industries summary judgment on her age discrimination claim. Specifically, plaintiff alleges that Lowe Industries replaced her with a younger individual and this fact established a presumption that Lowe Industries engaged in age discrimination in violation of the Elliott-Larsen Civil Rights Act. Mich.Comp. Laws Ann. Sec. 37.2101-.2804.
 
 
 18
 However, under the Elliott-Larsen Act, Michigan requires proof that age was a significant determining factor in the employer's decision to discharge the employee. Haas v. Montgomery Ward & Co., 812 F.2d 1015, 1016 (6th Cir.1987). Plaintiff's allegation that she was replaced by a younger individual is not enough by itself to survive summary judgment. Id.; see also, Matras v. Amoco Oil Co., 424 Mich. 675, 684, 385 N.W.2d 586, 589-90 (1986) (evidence that older employee discharged and a younger employee retained is not enough to establish a prima facie case of age discrimination when employer reduces workforce due to economic necessity). The district court relied on the Amoco case in granting summary judgment for the defendant on this issue.
 
 
 19
 We conclude that the district court was correct in dismissing this count. Plaintiff was fifty-six years old when she was hired, and fifty-eight years old when she was discharged. In her complaint, there is no mention of being replaced by a younger individual. In her deposition, plaintiff stated that she was "replaced" by Dorothy Bekey, but does not allege that Bekey was younger. (App. 163). Although plaintiff stated that she was replaced by Bekey, plaintiff acknowledged that the cat breeding manager's position was eliminated, along with the entire program of cat breeding. Plaintiff alleges, in her brief, that Bekey is younger, but does not state Bekey's age. Defendant contends that Bekey was already on staff at Lowe Industries prior to plaintiff's discharge. Plaintiff could not offer any other basis for her claim that she was discharged because of her age. Therefore, plaintiff has not shown the existence of any genuine issue of material fact as to this claim.
 
 IV.
 
 20
 Plaintiff's final assertion on appeal is that the district court erred in granting defendant summary judgment on her promissory estoppel claim. Here plaintiff alleges that Lowe Industries made promises to her regarding long-term employment with the intent that she rely on those promises. Plaintiff alleges that she then detrimentally relied on those promises, and Lowe Industries breached its promises.
 
 
 21
 The district court stated that there was no evidence of any promises made by defendant. The district court noted that plaintiff did not present any affidavits or deposition testimony evidencing the alleged promises. Additionally, the district court distinguished the cases that plaintiff relied on for this claim. Although plaintiff, in her brief, again argues these same cases, we find it unnecessary to undertake a review of these cases. Plaintiff has offered no more than a general assertion that Lowe Industries made promises of long-term employment. Plaintiff does not state any specifics as to who made these promises, or when or where they were made. Plaintiff testified in her deposition that she gave up a lesser paying secretarial job that she had held for two months to move to Michigan at Lowe Industries' expense. She also stated that she was distrustful of Chris Petty, and skeptical of Edward Lowe's ideas concerning a cat breeding program. We conclude that the district court was correct in also dismissing this claim.[2]
 
 
 22
 The district court's grant of summary judgment for Lowe Industries is AFFIRMED.
 
 
 
 [1]
 Plaintiff has not appealed the dismissal of her claims of innocent misrepresentation and her claim under the Handicappers' Civil Rights Act. In this latter claim, plaintiff alleged she was handicapped because of her carious teeth with numerous fractures and that she was wrongfully fired because of her teeth
 
 
 [2]
 Although we disagree with plaintiff's assertions on appeal and we affirm the district court's decision, we do not find that this appeal is so lacking in merit as to warrant the imposition of sanctions as defendant has requested