961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joanne DENSMORE and Ray A. Densmore, Plaintiffs-Appellants,
v.
HOFFMAN-LA ROCHE INC. a New Jersey Corporation, Defendant-Appellee.
 No. 91-1915.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1992.
 
 Before BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Joanne Densmore appeals the dismissal of her claim against her former employer, Hoffman-La Roche Inc. For the following reasons, we affirm the district court.
 
 
 2
 Densmore's original complaint against Hoffman-La Roche alleged (1) sex discrimination and sex harassment in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL §§ 37.2101-.2804 (West Supp.1991); (2) age discrimination in violation of the same act; (3) breach of employment contract; and (4) intentional and/or negligent infliction of emotional distress. Ms. Densmore's husband claimed a derivative loss of consortium under all counts alleged in the original complaint. The case was removed to federal district court based upon diversity of citizenship.
 
 
 3
 By the time discovery was completed, only three of Densmore's claims survived motions of dismissal by Hoffman-La Roche. The surviving claims were for breach of employment contract, sex discrimination, and age discrimination. Thereafter, Hoffman-La Roche moved for summary judgment on the remaining claims. Densmore filed no opposition to Hoffman-La Roche's motion, despite being granted an extension of time in which to do so.
 
 
 4
 Densmore's appeal is on three grounds. The first and second grounds for her appeal stem from the district court's dismissal of her claims for age and sex discrimination, in response to Hoffman-La Roche's motion for summary judgment. The third ground for her appeal is the court's dismissal, by a separate order, of her claim for intentional infliction of emotional distress.
 
 
 5
 The facts essential to this appeal are as follows. In 1976, Hoffman-La Roche employed Densmore as a sales representative. From the time of her hiring until May of 1987, Paul Beauregard supervised Densmore. In May of 1987, Beauregard was promoted and Gary Harrison became Densmore's immediate supervisor.
 
 
 6
 Densmore alleges that Gary Harrison engaged in outrageous conduct against her, causing her to have deleterious psychological and emotional reactions. The allegedly harmful conduct took various forms. The most significant instances claimed by Densmore were that: 1) Harrison sent a male sales representative to a 1988 business conference at a resort island rather than Densmore and the reason she was not selected was because Harrison wanted to send a man; 2) at a Christmas Party in December of 1988, Harrison reacted negatively to a present he received from the sales representatives and Densmore perceived this reaction, although it was non-specific in nature, as a personal slight; 3) at a National Sales meeting in Miami in 1989 Harrison cut short Densmore's presentation of information regarding potential sales of a product by telling her he did not want to hear from her; 4) in February, 1989, Harrison accompanied Densmore on a two-day sales trip and, at the trip's conclusion, Harrison allegedly got out of Densmore's car and stated "I guess I've destroyed you so I'll leave"; 5) Densmore received bizarre telephone messages--consisting of brief humming sounds devoid of any words--on the company voice mail system that she considered ominous, even though there was no indication who sent the messages or whose voice was being used.
 
 
 7
 Eventually, Densmore alleges, she was forced to take advantage of the company's twenty-six week leave policy because of Harrison's alleged harassment. She did not return following the end of twenty-six weeks and the company approved her for long term disability payments. While still receiving compensation from Hoffman-La Roche, Densmore was administratively terminated.
 
 
 8
 Densmore's claim for intentional infliction of emotional distress was dismissed with a separate order from that dismissing her age and sex discrimination claims. In dismissing Densmore's sex discrimination claim, the court found that she would have to show that someone who was predisposed to discriminate discharged her. However, the court reasoned, "Since she was not terminated by Harrison, but rather pursuant to a company long-term disability policy, plaintiff is unable to show that the person who discharged her was predisposed, and acted on that predisposition, to discriminate." Besides failing to present a prima facie case of sex discrimination, the district court found that Densmore failed to raise a genuine issue of material fact that any disparate treatment she may have received had a discriminatory purpose. More importantly, the court concluded, even had Densmore demonstrated an issue of fact as to disparate treatment, she provided no evidence to rebut defendants offer of a non-discriminatory purpose for the treatment she received.
 
 
 9
 The court found that Densmore's age discrimination claim failed for the same reasons as her sex discrimination claim. In addition, the court noted, the fact that a younger worker eventually replaced Densmore was not sufficient to state a prima facie case of age discrimination.
 
 
 10
 Our review of a grant of summary judgment is on the district court record. Qualicare-Walsh, Inc. v. Ward, 947 F.2d 823, 825 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only those facts that were material to the district court's decision are susceptible to our review. Demonstration of simply "metaphysical doubt as to the material facts" is insufficient. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). We have held that "a dispute about a material fact must be 'genuine' such that it concerns evidence upon which the jury could return a verdict for the nonmoving party." Qualicare, 947 F.2d at 826 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). In Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1990), we found that a responding party cannot simply "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but instead must present affirmative evidence to defeat a properly formulated motion for summary judgment.
 
 
 11
 The crux of Densmore's appeal is that a workman's compensation claim she filed before the Michigan Department of Labor, which resulted in a determination in her favor, is dispositive as to the matters at issue in the instant litigation. We disagree. First, the Department compensation claim is not a final determination and is now being appealed by Hoffman-La Roche. Second, the compensation claim opinion makes no findings as to the legal matters at issue before us. In Densmore's claim before the Michigan Department of Labor, the Magistrate found that Densmore was entitled to Workers Compensation Benefits from work related injuries that caused Densmore to suffer a psychiatric disability. This finding has no bearing on the culpability of Hoffman-La Roche for alleged intentional age and sex discrimination, or for alleged intentional infliction of emotional distress.
 
 
 12
 We find Densmore's discrimination claim fatally flawed by the circumstances of her termination at Hoffman-La Roche. Following twenty-six weeks leave, Densmore was given long term disability benefits and then administratively terminated by corporate headquarters. Densmore has failed to show that the "person" discharging her was predisposed to discriminate and that this "person" actually acted on that predisposition in discharging her. These failures render Densmore's discrimination claims fundamentally insufficient because Densmore has not presented a prima facie case of discrimination.
 
 
 13
 We also agree with the district court that Densmore failed to raise a genuine issue of material fact that any of the treatment she received had a discriminatory purpose. Densmore contends that the best evidence of the actual context in which statements were made to her is contained in the Workers Compensation decision. A perusal of that decision--even assuming it legally applicable and relevant, which it is not--will not permit us to agree with Densmore that there is a genuine issue of material fact as to the allegedly discriminatory purpose of Hoffman-La Roche's conduct.
 
 
 14
 Plaintiff's age discrimination claim is properly dismissed on additional grounds to those already described above. We have affirmed dismissal of age discrimination claims where the plaintiff's claims are based on conclusory statements or on the mere fact that a company retained a younger employee instead of an older employee. See Haas v. Montgomery Ward and Co., 812 F.2d 1015, 1016 (6th Cir.1987); Gagne v. Northwestern National Insurance Co., 881 F.2d 309, 314 (6th Cir.1989). Such is the case here. Densmore unequivocally admitted that Harrison never made any comments about her age. Densmore's only purported evidence of disparate treatment is the fact she was replaced by a younger employee.
 
 
 15
 As a final matter, we find the district court properly dismissed Densmore's claim for intentional infliction of emotional distress. We have already held that, to the extent Michigan recognizes this tort, such a cause of action exists only where there is a prima facie case of clearly extreme and outrageous conduct. Pratt v. Brown Machine Co., 855 F.2d 1225, 1238-39 (6th Cir.1988). In Pratt, we held that claims for intentional infliction of emotional distress in employment cases should be put in the "context" in which events or statements occurred. Id. at 1240. We found a prima facie case was established in Pratt where the financially bereft plaintiff was permitted to return to his job only after agreeing to (1) apologize to the individual who had repeatedly threatened his wife with rape for eighteen months; (2) work under this same individual; and (3) attend church to pray for forgiveness with this individual. Id. The circumstances in Pratt were particularly outrageous because the person who re-hired Pratt conceded that Pratt's supervisor had made threatening phone calls to Pratt and his wife. Id. The circumstances surrounding Densmore's claim for intentional infliction of emotional distress are in no way akin to those presented in Pratt. A review of the record in Densmore's case, including the compensation claim decision, does not remove the alleged actions from the realm of mere insults or perceived indignities.
 
 
 16
 Judgment affirmed.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation