In re Frank BARROCCO, Debtor.

JPMorgan Chase Bank, N.A.,
Creditor/Appellant

v.

Frank Barrocco, Debtor/Appellee.

No. 2:13–cv–14160.

United States District Court,
E.D. Michigan,
Southern Division.

Signed Feb. 24, 2014.

Steven F. Alexsy, Alexsy Lang PC, Detroit, MI, for Creditor/Appellant.

Edward M. Olson, Olson Law Firm, Rochester, MI, for Debtor/Appellee.

## *OPINION AND ORDER REVERSING THE BANKRUPTCY COURT'S ORDER SUSTAINING DEBTOR'S OBJECTIONS AND REMANDING THE CASE FOR FURTHER PROCEEDINGS*

MARIANNE O. BATTANI, District Judge.

This matter is before the Court on Appellant JPMorgan Chase Bank, N.A.'s ("Chase") appeal of the bankruptcy court's Order Sustaining Debtor's Objection to JPMorgan Chase Bank, N.A.'s Second Amended Proof of Claim ("Bankruptcy Order") in the bankruptcy case of Debtor/Appellee Frank Barrocco. Chase asserts that the bankruptcy court erred in concluding that a fraudulent transfer is not a tort under Michigan law and that Barrocco cannot be held personally liable for the fraudulent transfer of property from Del Vallo Construction, Inc. to his wife. The Court notes that the matter is fully briefed and finds oral argument will not aid in the resolution of the matter. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the decision of the bankruptcy court is **REVERSED** and the case is **REMANDED** for further proceedings.

## I. STATEMENT OF FACTS

Debtor Frank Barrocco is the sole shareholder and an officer of Del Vallo Construction, Incorporated ("Del Vallo"). In 2006, Del Vallo received a loan from Chase for the purchase of several residential lots in Macomb County, Michigan. Chase obtained a mortgage on each property that Del Vallo purchased. However, in July 2007, Del Vallo defaulted on the loan, leaving an outstanding balance of over $990,000. On November 27, 2007, Barrocco, on behalf of Del Vallo, listed two properties for sale and signed exclusive listing agreements with a broker. The addresses for the two properties were listed as 53422 Crawford Drive and 53428 Crawford Drive. Chase foreclosed on the all the properties on December 14, 2007, including the two properties listed for sale. That same day, Chase purchased all of the lots for approximately $480,000 at the sheriff's sale. On December 15, 2007, Del Vallo quitclaimed both properties to Margherita Barrocco, Frank's wife, for one dollar.

In February 2008, the realtor found buyers for both properties, and Frank Barrocco signed purchase agreements on behalf of Del Vallo. Del Vallo is listed as "seller" on each purchase agreement. Del Vallo redeemed the property at 53422 Crawford Drive from Chase on March 17, 2008, for a sum of $121,015.75. Shortly thereafter, Margherita Barrocco sold the property to a third party for $195,700, transferring ownership via warranty deed

on March 20, 2008. On April 8, 2008, Del Vallo redeemed the property at 53428 Crawford Drive from Chase for a sum of $129,712.83. Within a month, Margherita Barrocco sold and transferred the property to a third party via warranty deed in exchange for $230,000. In a letter dated February 14, 2013, Frank Barrocco's attorney stated that "the funds used to redeem the two model homes were provided by the purchasers of such homes. Neither Delvallo Construction nor Frank Barrocco have any documents relating to the source of such funds." (Doc. 1 at 227). Chase alleges Margherita Barrocco received approximately $174,000 in profit from the sale of the two properties.

During this time, Chase filed a state court action against Barrocco, seeking payment under an alleged guaranty agreement, and an action against Del Vallo, seeking a deficiency judgment for approximately $480,000, the difference between the balance on the loan and the price Chase paid for the foreclosed properties. During the pendency of the Del Vallo suit, a default judgment was entered against Barrocco. On December 1, 2008, Chase, Barrocco, and Del Vallo entered into binding arbitration, which resulted in an award of $168,846.04 to Chase covering the deficiency on the foreclosure sale; i.e., the difference between the outstanding amount owed on the loan (approx. $990,000), minus the redemption payments from Del Vallo to Chase (approx.$250,000) and the fair value of the remaining lots purchased by Chase (approx.$580,000). The arbitrator indicated that the award pertained only to Del Vallo. On November 17, 2009, the state court confirmed the arbitration award.

On June 19, 2009, Barrocco filed a Chapter 7 bankruptcy petition. Chase filed its first proof of claim based on the default judgment against Barrocco. On February 9, 2010, the bankruptcy court overruled Barrocco's objections to the proof of claim. On appeal, this Court reversed and remanded the action, holding that Chase had no deficiency claim against Barrocco under the Full Faith and Credit Statute. The Sixth Circuit affirmed, noting "[i]t may be that … Chase can collect its judgment against Del Vallo from some other party, maybe even Barrocco himself." (Doc. 1 at 311).

On March 26, 2013, Chase filed a second amended proof of claim arguing that Barrocco is personally liable for the $168,846.04 because he caused Del Vallo to fraudulently convey two newly constructed homes to his wife. (Doc. 1 at 17–33). Barrocco filed objections to the proof of claim. On August 15, 2013, the bankruptcy court entered an Order Sustaining Debtor's Objection to JPMorgan Chase Bank, N.A.'s Second Amended Proof of Claim. In the order, the bankruptcy court held that fraudulent transfer is not a tort under Michigan law, and Michigan courts do not impose liability for fraudulent transfer on a party other than the transferee. It also rejected Chase's argument that the Court may pierce the corporate veil of Del Vallo because Barrocco used it to commit fraud. The bankruptcy court noted that "[t]o allow this claim would allow Chase to use the law of alter ego to circumvent the limitation in fraudulent transfer law that restricts liability only to transferees." Chase now seeks appellate review of the bankruptcy court's decision.

## II. STANDARD OF REVIEW

■ Federal district courts are vested jurisdiction to hear "final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). In such cases, the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions under a

clearly erroneous standard. *In re Burns,* 322 F.3d 421, 425 (6th Cir.2003).

## III. ANALYSIS

In its order, the bankruptcy court concluded that fraudulent transfer is not a tort under Michigan law, citing several nonbinding cases from other states. This premise led the bankruptcy court to reject Chase's alter ego/piercing corporate veil theory of liability without analysis because it would "circumvent the limitation in fraudulent transfer law that restricts liability only to transferees." In addition, the bankruptcy court did not analyze whether the Uniform Fraudulent Transfer Act ("UFTA"), Mich. Comp. Laws § 566.31 *et seq.,* imposes personal liability on debtors that transfer away assets to insiders, who in turn transfer the assets to innocent third parties.

Chase seeks to hold Barrocco personally liable for the arbitration award against Del Vallo and for the alleged profits from the sale of the two properties. Whether Chase can pierce the corporate veil turns in part on whether fraudulent transfer is a tort. In addition, because Del Vallo, and not Barrocco, was listed as the seller on the purchase agreements, Chase's UFTA claim turns on whether Barrocco and Del Vallo may be deemed the same legal entity. If the corporate veil is pierced, Del Vallo, together with Barrocco, may be considered the "debtor" under the Act. *See* Mich. Comp. Laws § 566.31(f) (" 'Debtor' means a person who is liable on a claim.").

Chase argues that Barrocco and Del Vallo are the same entity, and therefore the transfer of the two properties from Del Vallo to Barrocco's wife renders Barrocco personally liable as if he transferred the properties himself. Further, it asserts that the bankruptcy court erred in concluding that fraudulent transfer is not a tort under Michigan law, causing the bank-

ruptcy court to reject its remaining claims without analysis. However, the Court finds merit in Chase's first claim of error.

Contrary to the bankruptcy court's recitation of case law, none of the cases cited therein hold that fraudulent transfer is not a tort. Rather, the cases hold that recovery for fraudulent transfer is not appropriate against a party who is not a transferee or a party who merely participated or conspired in the fraudulent transfer. *See Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.,* 906 A.2d 168, 203 n. 97 (Del.Ch.2006) (citing cases that prohibit accessory liability for fraudulent transfer); *Lippe v. Bairnco Corp.,* 218 B.R. 294, 303 (S.D.N.Y.1998) (noting that "a non-transferee may not be held liable for a fraudulent transfer unless it has dominion and control over the transferred assets or unless it benefits in some way from the conveyance.").

Although this Court in *Sudden Service, Inc. v. Brockman Forklifts, Inc.,* 647 F.Supp.2d 811 (E.D.Mich.2008) never explicitly stated that fraudulent transfer is a tort under Michigan law, its analysis demonstrates that is the case. Specifically, this Court stated, "[t]he duty being breached in fraudulent transfer and improper distribution is separate and distinct from the duty imposed [by a sales contract], and therefore it is not barred by Michigan's prohibition on contract-based torts." *Id.* at 817. In addition, the Court distinguished an injury resulting from nonpayment under a contract from a transfer of money or assets that prevents a party's recovery as a creditor. *Id.; see also Brock v. Consol. Biomedical Labs.,* 817 F.2d 24, 25 (6th Cir.1987) ("The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract.").

Certainly, the duty to refrain from fraudulently transferring away assets in

order to hinder potential creditors' claims does not arise from contract. Here, Chase seeks relief from the transfer of property that has impeded its recovery in the bankruptcy proceeding. The Court finds no contractual duty at issue in Chase's claim.

■■■ As the Supreme Court noted, fraudulent transfer actions are " 'equitable in nature ... because bankruptcy proceedings themselves are inherently equitable in nature....' " *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 37, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (quoting *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1348–49 (11th Cir.1988)). Although a fraudulent transfer action is an equitable remedy, it is grounded on a wrong or fraud committed by the debtor: In other words, the underlying basis of such an action is a civil wrong, i.e., an act committed to hinder creditors' claims. The creditor must prove the underlying fraud or wrong before availing itself of the equitable remedy. Thus, it follows that fraudulent transfer sounds in tort under Michigan law. *See In re Bradley Estate*, 494 Mich. 367, 835 N.W.2d 545, 554 (2013) (noting that "Michigan common law ... has likewise recognized this distinction between torts and contracts as the two types of civil wrongs" and that "when a party breaches a duty stemming from a legal obligation, other than a contractual one, the claim sounds in tort"). Consequently, the bankruptcy court erred in concluding that Barrocco cannot be personally liable because fraudulent transfer is not a tortious act under Michigan law. This matter must be remanded for further consideration of Chase's claims.

■■■ Specifically, the bankruptcy court should consider whether Del Vallo is a "mere instrumentality" of Barrocco sufficient for the imposition of personal liability based on the underlying fraudulent transfer. *See Rymal v. Baergen*, 262 Mich.App.

274, 686 N.W.2d 241, 252 (2004) (noting that the corporate veil may be pierced if (1) the corporate entity is a "mere instrumentality of another individual," (2) the corporate entity is "used to commit a wrong or fraud," and (3) the plaintiff suffers an "unjust injury or loss"). In addition, the bankruptcy court should analyze the transfer of property under the UFTA to determine whether Barrocco is a "debtor" as defined in the statute, rendering him potentially liable for the alleged proceeds of the sales of the two properties. *See* Mich. Comp. Laws §§ 566.31(f) & 566.37.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's Order Sustaining Debtor's Objection to JPMorgan Chase Bank, N.A.'s Second Amended Proof of Claim is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED.**